UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KUN CHANG LEE,

    Defendant.

Case No. 99-cr-40002-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Kun Chang Lee's ("Lee") motion to expunge his records in this criminal matter or, in the alternative, to reduce his felony conviction to a misdemeanor (Doc. 62). Lee pled guilty in July 1999 to three counts of trafficking in counterfeit goods in violation of 18 U.S.C. § 2320. In January 2000, the Court sentenced him to serve 21 months in prison. He based his request for expungement on §§ 17 and 1203.4a of the California Penal Code.

As a preliminary matter, the California statutes cited by Lee do not apply to his conviction in a federal court. Therefore they cannot provide the basis for expungement or a reduction of his sentence to a misdemeanor.

Neither does federal law justify such relief in Lee's case. Expungement of a court's criminal records is an extraordinary remedy. *United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004). The Seventh Circuit Court of Appeals has held that a court may order expungement of its own records where "the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records." *United States v. Janik*, 10 F.3d 470, 472 (7th Cir. 1993) (citing *Diamond v. United States*, 649 F.2d 496, 499 (7th Cir. 1981)); *accord Flowers*, 389 F.3d at 739; *but see United States v. Coloian*, 480 F.3d 47, 51 (1st Cir.)

(court has no ancillary jurisdiction to expunge court's criminal records), *cert denied*, 128 S. Ct. 377 (2007). To outweigh the public interest, the "'unwarranted adverse consequences' must truly be extraordinary," that is, they must amount to more than the "adverse consequences which attend every arrest and conviction" such as, for example, difficulty finding a job. *Flowers*, 389 F.3d at 739. Lee has not cited any danger of unwarranted adverse consequences, much less a danger of *extraordinary* unwarranted adverse consequences, that would outweigh the public interest in maintaining the Court's records in his criminal case. For these reasons, the Court will deny Lee's request to expunge his records it maintains.

As for Lee's request that the Court reduce his sentence, he has cited no authority under which this Court has the power to reduce his sentence. In the absence of authority to reduce his sentence, the Court will dismiss Lee's request.

For the foregoing reasons, the Court **DENIES in part** Lee's motion to the extent it seeks expungement of his records and **DISMISSES in part** Lee's motion to the extent it seeks a reduction of sentence (Doc. 62).

**IT IS SO ORDERED.**
**DATED: April 9, 2009**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**